IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00260-KDB-SCR

| | |
|---|---|
| **FREDERICK L. BLUE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CALDWELL COMMUNITY COLLEGE,**<br>**APPALACHIAN STATE UNIVERSITY,**<br>**TIM BRASWELL, AND**<br>**CECILIA BROWN,**<br><br>    **Defendants.** | **ORDER** |

    **THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 5). Plaintiff seeks reconsideration of the Court's final dismissal of this action based on an assertion that in "2007, 2012, & 2024 the incorrect forms were being presented." (*Id.* at 1). However, regardless of the impact of this additional information, Plaintiff's claims are, as the Court has already ruled, barred under the doctrine of res judicata. Under claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Sanders v. Tyco Elecs. Corp.*, 235 F.R.D. 315, 321 (W.D.N.C. 2006). The test for deciding "whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson,* 510 F.3d 156, 162 (4th Cir. 2008).

1

Plaintiff first filed suit in 2007, but it was later dismissed. *See Blue v. Appalachian State Univ.*, No. 5:07CV108, 2009 WL 703851 (W.D.N.C. Mar. 16, 2009). In 2012, he refiled suit, alleging the same set of undisputed facts and the same cause of action against the same parties. *See Blue v. Appalachian State Univ.*, No. 5:11CV19-RLV, 2012 WL 242837, at *4-5 (W.D.N.C. Jan. 25, 2012). There, the claims were dismissed with prejudice. A "dismissal with prejudice is a[ final judgment] on the merits for res judicata purposes." *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016). Thus, this 2024 case, which alleges the same claims arising out of the same events and involves the same parties as in the earlier cases, was properly barred under res judicata.

For many reasons, a plaintiff cannot repeatedly file causes of action when they don't get the outcome they want. Nor can they file similar causes of action that arise from the same set of events as a means of circumventing an unfavorable final decision on the merits. Thus, the Court will deny Plaintiff's Motion for Reconsideration and further filings raising the same issues and arguments are not permitted.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 5) is **DENIED;** and
2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 13, 2025

Kenneth D. Bell
United States District Judge